UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ismael D., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement, Immigration and Customs Enforcement*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; and Eric Tollefson, *Sheriff of Kandiyohi County, Minnesota, custodian of detainees of the Kandiyohi County Jail*, <br><br> Respondents. | File No. 26-CV-413 (JMB/LIB) <br><br><br> **ORDER** |

Khanh Nguyen Law Office, Minneapolis, MN, for Ismael D.

David W. Fuller and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Eric Tollefson.

This matter is before the Court on Petitioner Ismael D.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Eric Tollefson (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT

1. Ismael D. is a citizen of El Salvador who entered the United States in 2005 without inspection. (Pet. ¶¶ 9(b), 22, 39; *see also* Pet. Ex. 2 at 1.)

2. Ismael D. was detained by Respondents on January 5, 2026. (*Id.* ¶ 9(a).)

3. He is being detained at a facility in Minnesota. (*Id.* ¶ 15.)

4. On January 17, 2026, Ismael D. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) He seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 11.)

5. On January 17, 2026, the Court ordered Respondents to file a response to the Petition by January 20, 2026 at 11:00 a.m. (Doc. No. 4.) Respondents did not timely file a response. Instead, at 11:00 a.m. on January 20, Respondents filed an Emergency Motion for Extension of Time, explaining that "[b]ecause of an administrative oversight resulting from the current glut of immigration habeas cases in this district," counsel had only recently learned of the matter and sought an extension of time to respond. (Doc. No. 6.) Ismael D. objected to the request. (Doc. No. 8.)

## DISCUSSION

The Court grants Ismael D.'s Petition to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a), for three separate and independent reasons.[2]

### A.   Lack of Timely Response

First, because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition. The Court denies Respondents' last-minute request for an extension of time (Doc. No. 6) because Respondents do not articulate good cause for needing an extension, instead simply citing administrative oversight and a heavy case load. (Doc. No. 6.) *See* 28 U.S.C. § 2243 (providing for a response date within three days "unless for good cause additional time . . . is allowed"); *see also* R. 1(b) of Rules Governing § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *id.* R. 12 (providing that the Federal Rules of Civil Procedure may be applied); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good

---

[2] As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

cause and with the judge's consent."). Administrative oversight usually does not suffice to constitute good cause. *See Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2012 WL 12895051, at *4 n.4 (D. Minn. Nov. 21, 2012). Nor is it an adequate reason to delay a decision on the Petition in light of the burdens on Ismael D. of remaining in physical custody. Accordingly, Respondents failed to timely respond, and the Court considers the Petition to be unopposed and grants the Petition on that basis to the extent it seeks a bond hearing.

  B. *Maldonado Bautista* **Class Member**

Second, Ismael D. argues that he is a member of a class that has already been determined to be entitled to a bond hearing pursuant to section 1226(a). (*See, e.g.*, Pet. ¶¶ 30–34.) The Court agrees. Ismael D. is a member of the class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As a class member, Ismael D. is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing.

4

### C. Interpretation of Section 1225

Finally, this Court, like many other courts, has repeatedly rejected Respondents arguments in other cases that petitioners like Ismael D. are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court separately and independently concludes that because section 1225(b) is not applicable to him, Ismael D. is entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Ismael D.'s Petition on this basis, as well.[3]

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

---

[3] To the extent that the Petition also includes a request for immediate release, the Court declines to address this requested relief because the Petition does not develop an argument that the recent arrest was unlawful, separate and apart from the challenged legal basis for his continued detention without a bond hearing.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Ismael D. has been residing in the United States since 2005 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens

6

lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Ismael D.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Pursuant to section 1226(a), Ismael D. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Ismael D. seeks a bond hearing.[4]

---

[4] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Ismael D. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

# ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents must <u>immediately</u> provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before <u>5:00 p.m. CT on January 22, 2026</u>.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. On or before <u>11:00 a.m. CT on January 23, 2026</u>, counsel for Respondents shall file a status update affirming that Petitioner received a bond hearing as required by this Order, and advising the results of the bond hearing, or if no bond hearing was held, affirming that Petitioner was released from custody in accordance with this Order.

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5. To the extent Petitioner seeks additional relief, the Petition is DENIED.

IT IS FURTHER ORDERED THAT Respondents' Emergency Motion for Extension of Time (Doc. No. 6) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 20, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court